# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD STOUT,**

               **Petitioner,**

**v.**                                    **Civil Action No. 1:08cv162**
                                            **(Judge Keeley)**

**EVELYN SEIFERT, Warden,**

               **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On July 29, 2008, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On August 25, 2008, the undersigned conducted a preliminary review of the file and determined that the petition appeared to be untimely filed. Accordingly, the Court issued a Hill v. Braxton[1] Notice advising the petitioner that his case was subject to dismissal unless he could indisputably show that his case could be salvaged by equitable tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1). On September 8, 2008, the petitioner filed his response to the Court's Hill v. Braxton Notice asserting that his ability to properly file his federal habeas was severely handicapped and that the State impeded his ability to timely file a federal habeas petition.

---

[1] 277 F.3d 701 (4th Cir. 2002) (finding that when a court perceives a pro se § 2254 petition to be untimely, and the state has not file a motion to dismiss based on the one-year time limitation, the court must warn the prisoner that the case is subject to dismissal, unless the petitioner can indisputably show that the petition can be salvaged through equitable tolling principles or the principals enumerated in 28 U.S.C. § 2244(d)(1)).

# I. One-Year Time Limitation

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d). Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

# II. Procedural History

## A. Petitioners' Conviction and Sentence

According to the petition, the petitioner was convicted by the Circuit Court of Doddridge County on January 9, 1997, of two counts of incest. On August 21, 1997, the petitioner was sentenced to a 5 to 15 year sentence on each count,[2] to run consecutive, for an aggregate term of 10

---

[2] In the petition, the petitioner asserts that he was sentence to two 5 to 10 year sentences for a total term of 10 to 30 years. In his state habeas petition, the petitioner confirms that his total term of imprisonment is not less than 10, nor more than thirty. Upon further review, it appears from the Order denying the petitioner state habeas relief, that his actual sentences were 5 to **15** years, for a total term of 10 to 30 years.

to 30 years. The petitioner's appeal of his convictions and sentence was refused by the West

Virginia Supreme Court of Appeals ("WVSCA") on April 1, 1998. The petitioner did not file a

petition for writ of certiorari with the United States Supreme Court. Where no petition for a writ of

certiorari is filed in the United States Supreme Court, then the one-year limitation period begins

running when the time for doing so -- 90 days -- has elapsed. In this case then, the petitioner's

conviction and sentence became final on July 1, 1998, and he had until July 1, 1999, to timely file

a federal habeas petition.

Nonetheless, "[t]he time during which a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending shall not be

counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v.

Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). On March 6, 1999, the petitioner's one-year

limitation period was tolled by the filing of his state habeas petition with the Circuit Court of

Doddridge County.[3] However, at that time, 247 days of the one-year limitation had already expired.

After an evidentiary hearing, the circuit court issued a finding on the merits and denied the

petitioner's state habeas petition on March 23, 2007. See Petitioner's Ex. 2. The WVSCA refused

the petitioner's appeal of that Order on November 20, 2007. See Petitioner's Ex. 4. Therefore, the

one-year limitation began running again on November 21, 2007, and ran until it expired 118 days

later, or March 19, 2008.[4] Thus, the petitioner's § 2254 federal habeas petition, filed on July 29,

---

[3] In the petition, the petitioner alleges that he sent his state habeas petition to the Circuit Court in November of 1998. The petitioner does not explain, however, why his petition was not filed until March 6, 1999.

[4] Even assuming that the petitioner sent his state habeas petition to the Circuit Court of Doddridge County in November of 1998, the petition is still untimely. Giving the petitioner the benefit of all doubt, and assuming that his state habeas petition was actually received by the Circuit Court on November 1, 1998, and the one-year limitation period stopped running on that date, 122 days of the one-

2008 is untimely unless he can indisputably show that the petition can be salvaged by equitable

tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1).

**B.    The Petitioner's Hill v. Braxton Response**

In response to the Court's Hill v. Braxton Notice, the petitioner asserts that he began his

effort to file his federal habeas corpus with a huge handicap.  As examples, the petitioner asserts that

he is not trained in the law, that he had limited law library hours, that he had to familiarize himself

with the applicable State and Federal law and that he had to learn to type.  Moreover, the petitioner

asserts that the State unduly delayed his time in a Regional Jail, hampering his ability to file his

federal habeas.  More specifically, the petitioner asserts that while housed in a Regional Jail Facility,

he had access to a law library for only one hour a day.  Had he been transferred to a Division of

Corrections facility, the petitioner contends he would have had up to eight hours a day of law library

time.  Thus, the petitioner asserts that had he been transferred to a Division of Corrections facility

sooner, he could have timely filed his federal habeas petition.

### III.    Analysis

**A.    Equitable Tolling**

The AEDPA statute of  limitations is subject to equitable modifications such as tolling.

Harris v. Hutchinson, 209 F.3d at 328-29.  However, "[e]quitable tolling is available only in 'those

rare instances where--due to circumstances external to the party's own conduct--it would be

---

year limitation had by then expired.  The petitioner's one-year limitation period was then tolled until
November 20, 2007, the date on which the WVSCA refused the petitioner's appeal of the Order denying
his state habeas petition.  It was another 250 days until the petitioner filed his federal habeas petition,
seven days too late (122 + 250 = 372).  Even giving the petitioner the benefit of the "mailbox rule," and
considering his federal habeas petition filed on July 25, 2008, the date on which it was executed and
mailed from his institution of incarceration, the petition is still late by three days as the petitioner's
federal habeas petition would have been due by July 22, 2008.

unconscionable to enforce the limitation period against the party and gross injustice would result.'

Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1)

extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that

prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir.

2004)(internal citations omitted).

In support of his claim for equitable tolling, the petitioner merely asserts that he was

untrained in the law, that he had limited access to a law library and that he had to learn the pertinent

State and Federal law.[5]  There is nothing extraordinary about those circumstances which would have

prevented the petitioner from timely filing his § 2254 petition.  In fact, these circumstances are likely

common for all *pro se* habeas petitioners.  Moreover, these circumstances are not external to the

control of petitioner and are not extraordinary.  Accordingly, the undersigned is of the opinion that

the petitioner has failed to meet the requirements for equitable tolling.

**B.**  **State Impediment to Petitioner's Ability to Timely File**

Where a State created impediment prevents a petitioner from timely filing his § 2254 state

habeas corpus petition, the one-year limitation period under AEDPA does not begin to run until the

date on which the impediment was removed.  See 28 U.S.C. § 2244 (d)(1)(B).  In his response to the

Court's Hill v. Braxton Notice, the petitioner asserts that the State of West Virginia created an

impediment to the timely filing of his federal habeas petition.  Therefore, the petitioner implies that

his one-year limitation period should not start until the date that impediment was removed.  In

support of his claim, the petitioner asserts that by housing him in a Regional Jail, the State denied

him access to the courts because Regional Jails offer only one hour of law library time a day, while

---

[5] The petitioner's inability to type is inapposite.  The Court routinely accepts hand-written filings
from *pro se* prisoner's.

Division of Corrections facilities offer eight hours of law library time a day. Thus, the petitioner argues that had the State promptly transferred him to a Division of Corrections facility, he could have timely filed his federal habeas petition.

First, the petitioner has not shown that the State denied him access to the Court by not delaying his transfer to a Division of Corrections facility. The petitioner admits that he had access to a law library and that he utilized such library. The State is not required to provide an inmate with a certain number of law library hours. See Bounds v. Smith, 430 U.S. 817, 828 (1977). Second, the petitioner's argument is speculative at best. There is no guarantee that had the petitioner been transferred to a Division of Corrections facility that he would have been able to timely prepare his federal habeas petition. Simply having longer law library hours is not indicative of the petitioner's ability to work faster. The petitioner freely admits that he spent much time learning the law. Moreover, the petitioner concedes that he was not even aware that a one-year time limitation existed. See Pet's Resp. (dckt. 19) at 2. In addition, as noted in section A above, the petitioner was in the same position as every other State inmate housed in a Regional Jail. Such similarly situated inmates are able to timely file their federal habeas petitions, and the petitioner had ample time and opportunity to file his. Thus, the undersigned is of the opinion that the petitioner has failed to indisputably show that a State created impediment caused his federal habeas petition to be untimely filed.

## IV.  Recommendation

For the foregoing reasons, the undersigned finds that the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1). Thus, the undersigned

recommends that the petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 10, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE