IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD STOUT,**

    **Petitioner,**

**v.**                 //         CIVIL ACTION NO. 1:08CV162
                                         (Judge Keeley)

**EVELYN SEIFERT, Warden,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On July 29, 2008, pro se petitioner, Donald Stout ("Stout"), filed a petition pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.13.

On August 25, 2008, Magistrate Judge Kaull issued a notice pursuant to Hill v. Braxton, 227 F.3d 701 (4th Cir. 2002), advising Stout that his case would be subject to dismissal for failure to file within the one-year statute of limitations unless he could show that his case should be "salvaged by equitable tolling principles or any of the circumstances enumerated in 28 U.S.C. § 2244(d)(1)." Hill, 227 F.3d at 707.

Stout responded on September 8, 2008, asserting that he is "severely handicapped" by his lack of legal knowledge and that the State of West Virginia had impeded his ability to file a timely habeas petition by keeping him housed in the regional jail where

his access to the law library was limited to one hour a day, rather than transferring him to a Division of Corrections facility where he would have extended access to the law library.

On September 10, 2008, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Stout's § 2254 petition be denied as untimely and the case be dismissed with prejudice.

The Magistrate Judge found that the Anti-Terrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitation period within which a federal habeas corpus petition must be filed. 28 U.S.C. § 2244(d). In this case, Stout's conviction and sentence became final on July 1, 1998, and thus he had until July 1, 1999 to file a federal habeas corpus petition. See id. Magistrate Judge Kaull further found that the statute of limitations was tolled from March 6, 1999, when he filed his state habeas case, until November 21, 2007, when the West Virginia Supreme Court of Appeals refused Stout's appeal of that case. Accordingly, Stout's one year statute of limitations for filing a federal habeas petition expired on March 19, 2008. Because this petition was filed on July 29, 2008, the petition is untimely.

Magistrate Judge Kaull further found that the one-year statute of limitations is subject to certain rare exceptions, including equitable tolling in cases in which circumstances external to the petitioner's own conduct precluded timely filing. See U.S. v.

Sosa, 364 F.3d 507, 512 (4th Cir. 2004). In this case, however, Stout's asserted basis for equitable tolling is merely that he is untrained in law and had limited access to a law library. Because these circumstances are common among virtually all pro se habeas petitioners, Magistrate Judge Kaull declined to find a basis for equitable tolling.

Similarly, the Magistrate Judge rejected Stout's argument that the state had created an impediment that inhibited his ability to timely file his petition. See 28 U.S.C. § 2244(d)91)(B). Although Stout's access to the law library while housed in the regional jail was limited to one hour a day, the State is not required to provide a certain number of hours of access. In addition, Stout was still provided with access to the Court while in the regional jail. Moreover, he has already admitted that he was unaware of the one-year statute of limitation. Accordingly, the Magistrate Judge found that Stout failed to show that the state created an impediment that precluded Stout from filing a timely habeas petition.

The R&R also specifically warned that failure to object to the recommendation would result in the waiver of any appellate rights on this issue. Stout filed timely objections on September 22, 2008. These objections, however, raise no new legal or factual issues, but merely restate his earlier positions, including that his ignorance about the statute of limitation should be considered

and that the policy underlying the one-year statute of limitations is flawed.

After performing de novo review, the Court agrees with Magistrate Judge Kaull's findings that Stout has not met the standard for equitable tolling, nor has he shown that the State created an impediment that prevented his timely filing of his federal habeas petition. Accordingly, the Court **ADOPTS** the R&R in its entirety (dkt. no. 20), **DENIES** the § 2254 Petition for a Writ of Habeas Corpus by a Person in State Custody and **ORDERS** Stout's case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to counsel of record, and to mail a copy to the pro se petitioner, certified mail, return receipt requested.

Dated: October 17, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE